MATTER OF MASAUYAMA

In Visa Petition Proceedings

LOS-N-4225

*Decided by Acting Regional Commissioner April 29, 1965*

Petition to accord beneficiary nonimmigrant classification under · section 101(a)(15)(H)(iii), Immigration and Nationality Act, as an industrial trainee in retail floristry, is denied since the beneficiary, who was admitted to the United States as a temporary worker under the provisions of section 101(a)(15)(H)(ii), is a skilled ornamental horticulturist; the training program consists primarily of a repetition, review, and day-to-day practical application of his present knowledge; and the evidence submitted indicates that he will be engaged in productive labor and that any training received would be incidental thereto.

**Discussion:** This case is before the Regional Commissioner on appeal from the decision of the District Director denying the petition for the following reasons:

Beneficiary entered the United States June 20, 1963 as a temporary worker and has been employed by florists in the United States since that date as an ornamental horticulturist. You have failed to establish that the beneficiary requires training to be proficient in his occupation of florist.

The petitioner is president of Flower View Gardens, Inc., a well established retail florist doing business at 1801 N. Western Avenue, Los Angeles, California.

The beneficiary is a 25-year-old male, native and citizen of Japan, who was last admitted to the United States on June 20, 1963 as a temporary worker under the provisions of section 101(a)(15)(H)-(ii) of the Immigration and Nationality Act. This admission to the United States was based on the beneficiary's occupation as an ornamental horticulturist and the established need for his temporary services in the United States. Since his admission to the United States, the beneficiary has been employed in his occupation by florists in New Jersey, Pennsylvania, and California.

The petitioner offers to train the beneficiary in retail floristry design, marketing, general floral decorating, and retail florist manage-

ment. He has submitted an outline of a training program in support of the petition. The training program consists of 6 months basic floristry work with very little academic training. This is followed by general instruction and practical application with some emphasis on the business aspects. The petitioner estimates it will take two years to complete the training depending upon the ability of the trainee. Qualifications for a trainee are set out as: "Must have basic understanding of retail florist industry" and "some floristry background." The petitioner has not trained anyone under this program.

In the brief in support of the appeal, petitioner stresses that knowledge, experience, and day-to-day application are necessary to obtain the thorough knowledge that a florist must have for a strong basic understanding of the retail flower industry. Five exhibits are attached to the brief on appeal, all of which deal with the Los Angeles and United States market. Emphasis is placed upon the fact that the trainee must be familiar with all of these exhibits.

It is conceded that practical day-to-day experience will increase proficiency in any line of endeavor. However, the statute involved here is one that contemplates the training of an individual rather than giving him further experience by day-to-day application of his skills. The beneficiary, by the very terms of his admission into the United States, was a skilled ornamental horticulturist when he arrived in the United States. In fact, he was brought to the United States because his skills were in demand in this country. There is nothing contained in the first year of the training program that is other than a repetition of the beneficiary's present knowledge. The second year is devoted to a review of all phases of the first year plus the business aspects of retail floristry.

A careful consideration of the record in this case reveals the District Director's denial of the petition was correct and that the additional evidence submitted indicates the beneficiary will be engaged in productive labor and that any training received would be incidental thereto. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.